**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                                                     CASE NO.: **3:16-01914-PMG**

**DAVID L. BROWN**
                    Debtor.
_____

## #1 AMENDED CHAPTER 13 PLAN

**CHECK ONE:**

**_____**        Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

**__X__**         The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.   MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the plan and may cause an increased distribution to the unsecured class of creditors.

**(A)**   **$1,125.00** for months **1** through **60**
**(B)**   $ for months **0** through **0**
**(C)**   $ for months **0** through **0**

To pay the following creditors:

**2.   ADMINISTRATIVE ATTORNEY'S FEES.**

Base Fee **$4,000.00**

Total Paid Prepetition **$1,000.00**

---

[1].   All references to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

Balance Due **$3,000.00**

Estimated Additional Fees Subject to Court Approval **$0.00**

Attorney's Fees Payable through Plan **$842.00 (1-3), $474.00 (4)** Monthly (subject to adjustment)

3. **PRIORITY CLAIMS (As defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| **8506** | **Internal Revenue Service** | **$5,523.00** |
| | | |

4. **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

   (A) **Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides to cure pre-petition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

   (B) **Claims Secured by Real Property / Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead,*

income-producing property, 75% of the gross rental income generated from the property:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Payment Amount |
|---|---|---|---|
| | | | |
| | | | |

**(C)   Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.**  Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence.  A separate motion to determine secured status or to value the collateral must be filed.  The secured portion of the claim, estimated below, shall be paid:

| Last Four Digits of Acct. No. | Creditor | Collateral Descrip. / Address | Claim Amount | Value | Payment | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**(D)   Claims Secured by Real Property and / or Personal Property to Which Section 506 Valuation DOES NOT APPLY.**  Claims of the following secured creditors shall be paid in full with interest:

| Last Four Digit of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Payment | Interest Rate |
|---|---|---|---|---|---|
| 6809 | Navy Federal Credit Union | 2006 Chevrolet Impala | $6,854.91 | $100.00 (1-4) $134.86 (5-60) | 6% |
| 7405 | Navy Federal Credit Union | 2003 GMC Yukon XL | $3,713.19 | $71.80 (1-60) | 6% |

**(E)   Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Payment | Arrearage |
|---|---|---|---|---|
| | | | | |
| | | | | |

**(F)** **Secured Claims / Lease Claims Paid Directly by Debtor.** The following secured claims / lease claims are being made via automatic debit / draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit / draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay directly in the Lease / Executory Contract Section 6 below).

| Last Four Digits of Acct. No. | Creditor | Property / Collateral |
|---|---|---|
| | | |
| | | |

**(G)** **Liens to be Avoided pursuant to 11 U.S.C. § 522 / Stripped Off pursuant to 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed:

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |
| | | |

**(H)** **Surrender of Collateral / Leased Property.** Debtor will surrender the following collateral / leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of these claims in the Lease / Executory Contract section below).

| Last Four Digits of Acct. No. | Creditor | Property / Collateral to be Surrendered |
|---|---|---|

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

    **(I)**     **Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
|  |  |  |
|  |  |  |

**6.**     **LEASES / EXECUTORY CONTRACTS:**

| Last Four Digits of Acct. No. | Creditor | Property | Assume / Reject Surrender | Estimated Arrears |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**7.**     **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than **$100%.**

**8.**     **ADDITIONAL PROVISIONS.**

    (A)     Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

    (B)     Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

(C) Property of the estate (check one) *

    (1)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (2)    **X** shall vest in Debtor upon confirmation of the Plan.

    \*    If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D) The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and / or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim shall control, unless the Court orders otherwise.

(E) The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan shall control prior to confirmation, after which time the Order Confirming Plan shall control.

(F) Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect). For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's consent or court approval.**

**9. NONCONFORMING PROVISIONS:**

First Payment Due Date: 6/20/16
Claims Bar Date: 9/26/2016
341: 6/27/2016 at 09:00 AM
Confirmation: 8/16/2016 at 09:30 AM

**Internal Revenue Service:** Payments **$405.00 (5) $875.00 (6-11)**

This plan is confirmed as a 100% plan pursuant to 11 USC §1325(b)(1)(A).  Any future modification under 11 U.S.C. §1329(a)(1) to decrease the distribution to the unsecured class will require retroactive compliance with 11 U.S.C. §1325(b)(1)(B).

Dated: June 27, 2016                                      /**s/ DAVID L. BROWN**, by
                                                         Keith D. Collier, Esquire
                                                         under POA Keith D. Collier
                                                         for Debtor **DAVID L. BROWN**


**The Law Offices of Keith D. Collier**
/s/ Keith D. Collier, Esquire
**KEITH D. COLLIER**
Florida Bar No.: 0633771
2350 Park Street
Jacksonville, Florida 32204
(904) 696-DEBT (3328)/Fax: 981-8015
Collier@KeithDCollier.com
Attorney for Debtor(s)

# POWER OF ATTORNEY
## FOR FILING AND SIGNING CHAPTER 13 PLANS

I, __David L. Brown__ and _____, hereby name and appoint my attorney, **KEITH D. COLLIER**, whose business address is 2350 Park Street, Jacksonville, FL 32204 and/or 861 W. Morse Blvd, Ste. 1, Winter Park, FL 32789, to be my lawful Attorney-In-Fact to act for me and sign and file plans, amended plans and modified plans for my Chapter 13 case.

__DAVID BROWN__
Print Name

__/s/__
Signature

Date: __11 April 2016__

Print Name

Signature

Date: _____

**STATE OF FLORIDA**
**COUNTY OF** __Duval__

Before me the undersigned authority, personally appeared __David L. Brown__, being first duly sworn, deposes and says that he/she/they is the person/people named in the foregoing Power of Attorney; he/she/they has/have read the same, knows the contents thereof and the same are true and correct.

SWORN TO AND SUBSCRIBED before me this __11th__ day of __April__, __2016__, by __Staci Renee Sherman__.

__Staci Renee Sherman__
NOTARY PUBLIC, State of Florida
My Commission Expires:

STACI RENEE SHERMAN
MY COMMISSION # FF 924139
EXPIRES: October 4, 2019
Bonded Thru Budget Notary Services

Personally known _____, or Produced __Photo ID__ as identification.

SWORN TO AND SUBSCRIBED before me this ____ day of _____, ____, by _____.

_____
NOTARY PUBLIC, State of Florida
My Commission Expires:

Personally known _____, or Produced _____ as identification.

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                                CASE NO.: **3:16-bk-01914-PMG**

**DAVID L. BROWN,**

        Debtor(s).
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the attached Debtor's #1 Amended Chapter 13 Plan filed on June 27, 2016 has been furnished by Electronic Mail/U.S. Mail to all parties of interest on the attached mailing matrix this 27th day of June, 2016.

        **The Law Offices of Keith D. Collier, PLLC**

        /s/ Keith D. Collier, Esquire
        **KEITH D. COLLIER**
        Florida Bar No.: 0633771
        2350 Park Street
        Jacksonville, Florida 32204
        (904) 981-8100/Fax: 981-8015
        Attorney for Debtor(s)

MAILING MATRIX ATTACHED BELOW

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:16-bk-01914-PMG<br>Middle District of Florida<br>Jacksonville<br>Mon Jun 27 11:52:48 EDT 2016 | David L Brown<br>8009 Foxdale Dr<br>Jacksonville, FL 32210-4638 | ASAA Federal Savings Bank<br>10750 McDermott Fwy<br>San Antonio, TX 78288-0002 |
| Capital One<br>PO Box 30253<br>Salt Lake City, UT 84130-0253 | Capital One<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 | Capital One Bank USA N.A.<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 |
| City of Jacksonville<br>117 West Duval Street Ste. 480<br>Jacksonville, FL 32202-5721 | Credit One Bank NA<br>PO Box 98875<br>Las Vegas, NV 89193-8875 | Department Of Treasury<br>PO Box 219749<br>Kansas City, MO 64121-9749 |
| Duval County Tax Collector<br>231 Forsyth St. #130<br>Jacksonville FL 32202-3380 | Edc/riverstone Residen<br>20818 44th Ave W Ste 150<br>Lynnwood, WA 98036-7734 | First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 |
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 |
| Militaryloans.com<br>PO Box 44215<br>Las Vegas, NV 89116-2215 | Navy Federal Cr Union<br>ATTENTION: BANKRUPTCY<br>PO Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Cr Union<br>PO Box 3700<br>Merrifield, VA 22119-3700 |
| Omni Financial of Neva<br>6655 W Sahara Ave Apt Ae<br>Las Vegas, NV 89146-0845 | Omni Financial of Nevada<br>6655 W Sahara Ave Apt Ae<br>Las Vegas, NV 89146-0845 | Pioneer Mcb<br>3240 E Tropicana Ave<br>Las Vegas, NV 89121-7316 |
| Pioneer Military Loans<br>PO Box 10487<br>Kansas City, MO 64171-0487 | Pioneermcb<br>4000 S Eastern Ave Ste 300<br>Las Vegas, NV 89119-0826 | Syncb/Care Credit<br>C/o<br>PO Box 965036<br>Orlando, FL 32896-5036 |
| Syncb/Walmart<br>PO Box 965004<br>Orlando, FL 32896-5004 | Syncb/paypal Smart Con<br>PO Box 965005<br>Orlando, FL 32896-5005 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| Usaa Savings Bank<br>10750 McDermott Fwy<br>San Antonio, TX 78288-0002 | United States Trustee - JAX 13/7 7+<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Keith D. Collier +<br>Law Offices of Keith D. Collier (Jax)<br>2350 Park Street<br>Jacksonville, FL 32204-4318 |

Douglas W. Neway +
P O Box 4308
Jacksonville, FL 32201-4308

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Military Star
3911 S Walton Walker Blvd
Dallas, TX  75236-1509

End of Label Matrix
Mailable recipients   30
Bypassed recipients    0
Total                 30